IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RONALD SATISH EMRIT, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 23-00002-KD-B |
| | * |
| CONDOLEEZA RICE, *et al.*, | * |
| | * |
| Defendants. | * |

**REPORT AND RECOMMENDATION**

Plaintiff Ronald Satish Emrit ("Emrit"), a serial *pro se* litigant, filed an application to proceed *in forma pauperis*, along with a complaint[1]. (Docs. 1, 2). Because Emrit is seeking to proceed in forma pauperis (see Doc. 2), the Court has conducted an initial screening review of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons stated below, it is recommended that his in forma pauperis application be **DENIED** as **MOOT,** and that this action be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) as frivolous and for failure to state a claim upon which relief can be granted.

I.  **FACTUAL BACKGROUND**

In this *pro se* complaint, Emrit, who resides in Sarasota, Florida, is suing Former Secretary of State Condoleeza Rice and

---

[1] This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S).

incumbent Secretary of State Anthony Blinken. (Doc. 1). Emrit alleges that Rice "engaged in a conspiracy to violate the plaintiff's civil rights by racially profiling the African-American plaintiff as Arabic/Muslim between the years of 2001 and 2008," and that Blinken is wrongfully withholding a "fiancé visa" for either Darya Ignateva or Maria Cherniavska, both from Ukraine. (Doc. 1 at 1). Emrit contends that there is "complete diversity of jurisdiction between plaintiff and the two defendants[2]" and that the amount in controversy "exceeds $75,000 [and] &$80, 000). (Id. at 2). In four counts, Emrit asserts claims for civil rights and equal protection violations against Rice, and claims for due process and "tortious interference with family relations" against Blinken. (Id. at 4-5).

In addition to his complaint and Motion for Leave to Proceed *in forma pauperis* (docs. 1, 2), Emrit has also filed motions for this case to be handled by the Eleventh Circuit Court of Appeals (docs. 3, 4), both entitled "Notice of Appeal". In the first motion, he argues that "although a final appealable order has not yet been issued, the plaintiff believes that this case should be handled by the appellate court in Atlanta, GA at 11th Circuit Court", and that the "Fifth Circuit Court of Appeals in New Orleans, LA should

---

[2] According to Emrit, Rice is "presumably from Alabama and Palo Alto, California", and Blinken can be served at the United States Department of Justice headquarters in Washington, D.C. (Id. at 4-5).

be vested with the jurisdiction to preside over this justiciable case..." (Doc. 3). But in his second motion, Emrit appears to request that his case be sent to Washington D.C. Court of Appeals. (Doc. 4).

I. **DISCUSSION**

   A. **28 U.S.C. § 1915(e)(2)(B).**

      1. **Controlling Law**

Because Emrit is proceeding *in forma pauperis*, the Court has reviewed his complaint under 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) requires a district court to dismiss the complaint of a party proceeding *in forma pauperis* if it determines that the complaint is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A case is frivolous under § 1915(e)(2)(B)(i) "when it appears the plaintiff has 'little or no chance of success.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citation omitted). A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when the complaint's legal theories are "indisputably meritless" or when its factual contentions are "clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Thus, under this standard, "wildly implausible allegations in the complaint should not be taken as true", Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008)(quotation omitted) nor should contentions that are

"fantastic or delusional" Neitzke, 490 U.S. at 328.  And, a court may consider "a litigant's history of bringing unmeritorious litigation" when analyzing the question of frivolousness. Bilal v. Driver, 251 F. 3d 1346, 1350 (11th Cir. 2001).

In addition, under 28 U.S.C. § 1915(e)(2)(B)(ii), a complaint may be dismissed for failure to state a claim on which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  Dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are governed by the same standard as dismissals under Federal Rule of Civil Procedure 12(b)(6).  Id.  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Although a complaint does not need detailed factual allegations, it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).  While a court must accept as true a plaintiff's well-pleaded factual allegations, it is not required to accept a plaintiff's legal conclusions.  Id.

The Court is cognizant that it must liberally construe Emrit's *pro se* pleading and hold it to a less stringent standard than formal pleadings drafted by lawyers. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, the Court cannot act as counsel for Emrit or rewrite an otherwise deficient pleading in order to sustain this action. See Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014). And, as a *pro se* litigant, Emrit is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

### 2. Analysis

The undersigned has previously addressed Emrit's penchant for filing non-meritorious complaints in federal court, Emrit v. Barkley, 2023 U.S. Dist. LEXIS 18528, at *6 n.2 (S.D. Ala. Feb. 3, 2023), and finds that the instant complaint follows his well-documented pattern of filing frivolous complaints throughout the Country. See e.g., Emrit v. Fed. Bureau of Investigation, 2020 U.S. Dist. LEXIS 25331, at *1, 2020 WL 731171, at *1 (S.D.Cal. Feb. 13, 2020)(noting that Emrit "is a serial pro se filer of frivolous complaints in federal court against government agencies and officials and large corporations and their executives[, most or all of which] have been dismissed for improper venue or failure to state a claim"). In fact, this is not the first instance in which Emirt has filed a complaint against the very same Defendants, Former Secretary of State Condoleeza Rice and incumbent Secretary

of State Anthony Blinken and made substantially similar nonsensical assertions. In Emrit v. Rice, 2023 U.S. Dist. LEXIS 35748, at *1 (D.D.C. Mar. 1, 2023), Emrit alleged he was "racially profiled during the administration of George W. Bush" "as [an] Arabic/Muslim when [he] is clearly an African-American related to Captain of [the] Battle of Gettysburg," and that his fiancée, who is Ukrainian, is entitled to a "visa or political asylum." Id. In that case, the court found that Emrit's complaint was "mostly incomprehensible", and that it contained "a hodgepodge of vague and unconnected allegations." Id. at *1. In dismissing Emrit's claim for failing to make out a cognizable claim, the court found that the complaint did not comply with the requirements of Rule 8.

Emrit's complaint in the instant action is replete with legal conclusions, nonsensical assertions, and superfluous information that has no bearing on his stated causes of action. As such, it does not comply with Rule 8 as neither the Court nor Defendants can be expected to discern any potentially valid legal claims arising from his complaint. See Weiland v. Palm Beach Cty. Sheriff's Off., 792 F.3d 1313, 1322-23 (11th Cir. 2015) (Federal Rule of Civil Procedure 8 requires that complaints sufficiently "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests"); Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (quotations omitted). Accordingly, this action is due to be dismissed as

frivolous and for failure to state a claim for which relief can be granted[3].

Given Emrit's extensive track record of filing frivolous, duplicative, bad faith, and vexatious complaints, the frivolous nature of his claims in this case, the lack of any basis for concluding that he could state a viable cause of action against Defendants in an amended complaint, and the lack of any relevant connection between his claims and the Southern District of Alabama, the undersigned submits that he should not be granted leave to amend his complaint. See Emrit v. Sec'y, United States Dep't of Educ., 829 F. App'x at 477-78 (affirming the dismissal with prejudice of Emrit's complaint under § 1915(e)(2)(B)(i) after finding that his claims were frivolous, venue was improper, and that he filed the case simultaneously in multiple districts, thus abusing the judicial process).

II. **CONCLUSION**

---

[3] It is also readily apparent that Emrit has not established any factual basis for venue in this district. Venue is not proper under § 1391(b)(1) because none of the defendants are alleged to be residents of this district. Venue is likewise not proper under § 1391(b)(2) because none of the events or omissions giving rise to Emrit's claims – his alleged profiling or the denial of a visa or political asylum to his fiancé are alleged to have occurred in this district. It appears that the only connection Emrit draws between this lawsuit and "the U.S. District Court of Alabama" is his assertion that Condoleeza Rice "is presumably from Alabama" (See Doc. 1 at 2).

For the reasons discussed above, it is **RECOMMENDED** that Emrit's complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii)[4].

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the

---

[4] Emrit's pending motions for this case to be handled by the Eleventh Circuit (docs. 3, 4) lack legal authority and are thus due to be denied.

basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **11th** day of **May, 2023.**

                                              **/s/ SONJA F. BIVINS**
                                              **UNITED STATES MAGISTRATE JUDGE**